## No. 5116.

CHARLES DE GRECK & Co. v. MURPHY & GAIRNS and HOMER, REX & TRACEY—LEWIS, NANSON & Co., Intervenors. APPLETON, NOYES & Co. v. MURPHY & GAIRNS and HOMER, REX & TRACEY—LEWIS, NANSON & Co., Intervenors. Consolidated.

The evidence in this case shows that the transfer, the legality of which is questioned, was not a sale, but a *giving in payment;* that, at the time, the transferrors were in insolvent circumstances, and that the transferrees knew that fact. The transfer was evidently designed to give an unjust preference to the transferrees.

The pretext that the plaintiffs were not injured by the transfer, because Homer, Rex & Tracey, the transferrees, had a privilege on the property transferred, is untenable. There is no evidence in the record to establish a privilege in their favor, and there is testimony to show that they could not have had a privilege on a large portion of the property embraced in the act of transfer.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough,* J. *W. T. Mellen, J. G. Leach, Lewis & Drake,* for Charles De Greck & Co., plaintiffs and appellees. *Aroni & Collier,* for Homer, Rex & Tracey, defendants and appellees. *Thomas P. Farrar* and *E. H. Farrar,* for intervenors and appellants.

LUDELING, C. J. On the fifth of October, 1866, Murphy & Gairns, commercial and agricultural partners, in the parish of Tensas, trans-

ferred by notarial act to Homer, Rex & Tracey, merchants of St. Louis, Missouri, all their property, consisting of the crops on the Argyle and Morris plantations, one hundred and six mules, four horses, fourteen yoke of oxen, nineteen head of cattle, sheep, hogs, wagons and farming implements on the places; a warehouse and lot in Waterproof, with all the goods and merchandise, books and other personal property belonging to them in Tensas parish, including the open accounts in favor of the vendors, amounting to upwards of $9800.

The act declares that the consideration of the sale is that the said Homer, Rex & Tracey "have this day paid cash to Murphy & Gairns the sum of $66,159 48," the receipt of which is acknowledged, and for the balance of the consideration Homer, Rex & Tracey assumed to pay certain freedmen working said plantations $2312, subject to some credits, and to pay $2502 70, balance due eleven freedmen on Home plantation for cotton purchased from them by Murphy & Gairns.

In January, 1867, plaintiffs instituted these suits, alleging in substance that the sale was not made for cash, as declared by the parties; that the obligors were at the time in insolvent circumstances; that this fact was well known to the obligees, and that the contract of sale was designed to give and it did give to the obligees, who were creditors of Murphy & Gairns, an advantage over plaintiffs and other creditors of the obligors.

Lewis, Nanson & Co., having a claim against Homer, Rex & Tracey, instituted an attachment suit against them in the same court, and caused writs of attachment and garnishment to be served on Julius Aroni and others who had been garnisheed in plaintiffs' suits. They afterwards intervened in these suits, claiming that they were entitled to the funds in the hands of Julius Aroni, the garnishee.

The district judge decided that the funds in the hands of Aroni, the garnishee, were part of the assets transferred by Murphy & Gairns to Homer, Rex & Tracey; that the transfer to them was fraudulent, and that the funds in the hands of the garnishee be paid to the plaintiffs.

The intervenors alone have appealed.

The evidence shows that the transfer was not a sale, but a giving in payment, and that at the time the transferrors were in insolvent circumstances, and that the transferrees knew that fact. The transfer was evidently designed to give an unjust preference to the transferrees. C. C. art. 2658. Article 1982 declares: "If the party with whom the debtor contracted be in fraud as well as the debtor, he shall not, on the annulling the contract, be entitled to a restitution of the price or consideration he may have paid, except so much as he shall prove has inured to the benefit of the creditors, by adding to the amount of property applicable to the payment of their debts; but if the consid-

·eration be a sum due from such debtor to the party with whom he ·contracted, then the only restitution to be made is the placing the parties in the situation in which they were before the contract complained of was made."

The pretext that the plaintiffs were not injured by the transfer because Homer, Rex & Tracey, the transferrees, had a privilege on the property transferred, is untenable. There is no evidence in the record to establish a privilege in their favor, and there is much testimony to show that they could not have had a privilege on a large portion of the property embraced in the act of transfer.

It is therefore ordered and adjudged that the judgment of the court *a qua* be affirmed with costs of appeal.